UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ADAM JOSEPH WINARSKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00186-JMS-DLP |
| ) | |
| B. LAMMER, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

In 2012, petitioner Adam Winarske was convicted of one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. He seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the following reasons, Mr. Winarske's habeas petition must be **denied**.

**I. Procedural and Factual Background**

In August 2011, a grand jury returned a one count indictment against Mr. Winarke charging him with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924. *United States v. Winarske*, No. 1:11-cr-00086-DLH ("Crim. Dkt."), dkt. 2 (D.N.D.). The indictment stated that Mr. Winarske had 11 prior felony convictions, including five convictions for burglary in North Dakota state court. *Id.* Mr. Winarske entered an open guilty plea to the charge in March 2012. Crim. Dkt. 36; *see also* dkt. 22 at ¶¶ 4-5.

A presentence investigation report ("PSR") was prepared prior to Mr. Winarske's sentencing hearing. The PSR stated that Mr. Winarske was subject to the enhanced sentencing provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony or serious drug offense. Dkt. 22 at ¶ 20. With a

1

total offense level of 30 and a criminal history category of VI, Mr. Winarske's sentencing guidelines range was 168 to 210 months' imprisonment. *Id.* at ¶¶ 23, 43, 79. However, a 180-month mandatory minimum sentence applied pursuant to the ACCA, resulting in a sentencing guidelines range of 180 to 210 months' imprisonment. *Id.* at ¶ 79. The court sentenced Mr. Winarske to a 180-month term of imprisonment and 24-month term of supervised release. Crim. Dkt. 43 (judgment); Crim. Dkt. 53 (amended judgment). The United States Court of Appeals for the Eighth Circuit affirmed Mr. Winarske's conviction and sentence on appeal. *United States v. Winarske*, 715 F.3d 1063 (8th Cir. 2013).

In February 2015, Mr. Winarske filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Crim. Dkt. 59. One of his arguments was that he did not qualify for the enhanced sentencing provisions of the ACCA in light of the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013). Crim. Dkt. 59 at 5-6, 24-27. The district court denied Mr. Winarske's § 2255 motion. Crim. Dkt. 64. With respect to the ACCA argument, the district court concluded that Mr. Winarske's three Class C burglary convictions in North Dakota were indivisible and thus qualified as violent felonies. *Id.* at 4-7. Mr. Winarske did not appeal the denial of this § 2255 motion.

In June 2016, Mr. Winarske sought and received permission to file a successive § 2255 motion (the "second § 2255 motion"). Crim. Dkt. 66. In his second § 2255 motion, he argued that his prior North Dakota burglary convictions did not qualify as violent felonies for purposes of the ACCA in light of the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Crim. Dkt. 68. This time, the district court applied the modified categorical approach, held that North Dakota's burglary statute was divisible, and concluded that three of Mr. Winarske's five

prior North Dakota burglary convictions qualified as violent felonies. Crim. Dkt. 76 at 12-16. Mr. Winarske appealed the denial of his second § 2255 motion. Crim. Dkt. 78.

On appeal, the Eighth Circuit declined to consider the merits of Mr. Winarske's second § 2255 motion for three reasons: 1) "the new rule in *Johnson* ha[d] no nexus" to Mr. Winarske's claim that he no longer qualified for an enhanced sentence under the ACCA because his prior convictions fell under the enumerated clause rather than the residual clause invalidated in *Johnson*; 2) neither *Descamps* nor *Mathis v. United States*, 136 S. Ct. 2243 (2016), announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; and 3) Mr. Winarske's challenge to the applicability of the ACCA was presented in his first § 2255 motion and thus could not be presented again in his second § 2255 motion. *Winarske v. United States*, 913 F.3d 765, 768-69 (8th Cir. 2019). Therefore, it affirmed the denial of the second § 2255 motion.

The Eighth Circuit's opinion contained the following footnote addressing Mr. Winarske's argument that North Dakota's burglary statute was more broad than generic burglary because it includes vehicles "where any person lives or carries on business or other calling":

> This assertion is contrary to the Supreme Court's recent decision in *United States v. Stitt*, 139 S. Ct. 399 (2018), which may put in doubt our decision construing the North Dakota burglary statute in *United States v. Kinney*, 888 F.3d 360, 363-65 (8th Cir. 2018). We need not decide that issue here.

*Id.* at 768 and n.3.

The Eighth Circuit denied Mr. Winarske's request for rehearing and rehearing en banc, *Winarske*, 913 F.3d at 765, and the Supreme Court denied Mr. Winarske's petition for a writ of certiorari, *Winarske v. United States*, 140 S. Ct. 211 (2019). Mr. Winarske filed his § 2241 petition in this Court on April 8, 2020. Dkt. 1.

## II. Discussion

In his § 2241 petition, Mr. Winarske argues that his prior North Dakota burglary convictions do not qualify as violent felonies for purposes of the ACCA in light of the Eighth Circuit's decision in *Kinney*. Dkt. 1; dkt. 15 at 5-7. The respondent contends that Mr. Winarske's claim cannot proceed under § 2241.

Although a motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence, s*ee Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018), under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence, *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

4

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant."[2] *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Worman v. Entzel*, 953 F.3d 1004 (7th Cir. 2020) (same). If a petitioner cannot meet all three conditions, he is not entitled to proceed under § 2241. *See, e.g.*, *Davis*, 863 F.3d at 964-65 (affirming denial of relief under § 2241 because petitioner could not establish third *Davenport* requirement). The Court will focus on the second *Davenport* requirement—whether Mr. Winarske relies on a new rule that was previously unavailable.

The second part of the three-part test for determining whether a petitioner may proceed under § 2241 requires a petitioner to rely on a case that "appl[ies] retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion." *Worman*, 953 F.3d at 1008. Although there is a question whether a petitioner may rely on a circuit-level case, *see Chazen v. Marske*, 938 F.3d 851, 864 (7th Cir. 2019) (Barrett, J., concurring), the Court will assume

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

[2] The respondent notes that the Department of Justice has adopted a different opinion on when relief is available under § 2241 but concedes that "Circuit precedent squarely forecloses" the different opinion. Dkt. 21 at 5, n. 2. The Court recognizes the respondent's request to preserve this argument.

5

without deciding that Mr. Winarske's reliance on a case from the Eighth Circuit is sufficient. Nonetheless, Mr. Winarske fails to satisfy the second *Davenport* requirement because he has not shown that the case upon which he relies, *Kinney*, is either a new rule or was previously unavailable to him.

First, Mr. Winarske has not established that the Eighth Circuit's decision in *Kinney* announces a new rule. In *Kinney*, 888 F.3d at 364, the Eighth Circuit concluded that North Dakota burglary convictions did not "categorically qualify as violent felonies under the ACCA." In doing so, the Eighth Circuit relief heavily on its decision in *United States v. Sims*, 854 F.3d 1037 (8th Cir. 2017), *vacated by United States v. Stitt*, 139 S. Ct. 399, 407-08 (2018), which examined the Arkansas burglary statute and found that it swept "more broadly than generic burglary" because it included vehicles. After the Eighth Circuit decided *Kinney*, however, the Supreme Court vacated and remanded the Eighth Circuit's *Sims* decision. *See United States v. Stitt*, 139 S. Ct. 399, 407-08 (2018). On remand, the Eighth Circuit concluded "that the Supreme Court's opinion in *Stitt* dictates that Arkansas burglary does sufficiently match generic burglary and qualifies as a violent felony." *United States v. Sims*, 933 F.3d 1009, 1013-15 (8th Cir. 2019) (internal quotation marks omitted) ("*Sims II*").

The Supreme Court's decision in *Stitt* and the Eighth Circuit's decision in *Sims II* call into question the validity of *Kinney*. Specifically, the Supreme Court holding in *Stitt*, 139 S. Ct. at 406-07, that burglary definitions that include "vehicles adapted or customarily used for lodging" do fall within the "scope of generic burglary" contradicts *Kinney* insofar as the Eighth Circuit held that North Dakota burglary is overbroad because in includes "both structures and vehicles within its reach," 888 F.3d at 364. In fact, the Eighth Circuit acknowledged this contradiction when it reviewed Mr. Winarske's second § 2255 motion. *See Winarske*, 913 F.3d at 768 n.3 (recognizing

that Mr. Winarske's assertion that North Dakota burglary is overbroad "is contrary to the Supreme Court's recent decision in *United States v. Stitt*, 139 S. Ct. 399 (2018), which may put in doubt our decision construing the North Dakota burglary statute in *United States v. Kinney*, 888 F.3d 360, 363-65 (8th Cir. 2018)").

Mr. Winarske bases his § 2241 petition on an Eighth Circuit case that has since been contradicted by a decision of the Supreme Court. Accordingly, Mr. Winarske has not established that his § 2241 petition is based on a case that announces a new rule. Without such a showing, he cannot proceed under § 2241. *See Worman*, 953 F.3d at 1009-11 (concluding that petitioner could not proceed under § 2241 because he did not establish that the case upon which he relied applied retroactively to cases on collateral review).

Additionally, the Eighth Circuit's reference to *Kinney* when deciding Mr. Winarske's second § 2255 motion demonstrates that *Kinney* was not previously unavailable to Mr. Winarske. It is undisputed that Mr. Winarske filed his second § 2255 motion before the Eighth Circuit issued its opinion in *Kinney*. *Compare* Crim. Dkt. 66 (second § 2255 motion filed in June 2016) *with Kinney*, 888 F.3d at 360 (opinion issued April 23, 2018). However, *Kinney* was issued prior to the Eighth Circuit's denial of Mr. Winarske's appeal, and the court's reference to *Kinney* indicates that it was aware of the *Kinney* decision and its potential application to Mr. Winarske. The court nonetheless declined to address Mr. Winarske's second § 2255 motion on the merits. *See Winarske*, 913 F.3d at 768-69. Mr. Winarske has not shown that *Kinney* was previously unavailable to him because the Eight Circuit acknowledge the *Kinney* decision when addressing Mr. Winarske's second § 2255 motion yet declined to address the second § 2255 motion on the merits. Thus, Mr. Winarske may not pursue a similar claim under § 2241. *See Roundtree*, 910 F.3d at 313 ("[N]one

7

of this circuit's decisions . . . permits relitigation under § 2241 of a contention that was actually resolved in a proceeding under § 2255, unless the law changed after the initial collateral review").

### III. Conclusion

For the foregoing reasons, Adam Winarske's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, 865 F.3d 894, 900 (7th Cir. 2017) ("[P]etition should be dismissed with prejudice under 28 U.S.C. § 2255(e)."). Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 2/22/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Terry Wayne Tolliver
BRATTAIN MINNIX GARCIA
Terry@BMGIndy.com